# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# EVANSVILLE DIVISION

| | |
|---|---|
| BRIAN JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 3:11-cv-00119-RLY-WGH |
| ) | 3:07-cr-24-RLY-WGH-3 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the amended motion of Brian Jones ("Jones") for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the court finds that a certificate of appealability should not issue**.**

## I. Background

Jones was charged in Count 1 of a Superceding Indictment, which alleged that Jones conspired to possess with intent to distribute, and distributed, fifty grams or more of a substance containing a detectable amount of cocaine base, and five hundred grams or more of a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On March 24, 2008, Jones (along with his trial counsel) appeared in open court for an Accept/Reject plea hearing. At that hearing, the court advised Jones with respect to the charge against him in the Superceding Indictment. Jones elected at that time not to waive his initial appearance scheduled for April 2, 2008. The United States then recited to Jones its plea offer, and Jones requested additional time to consider the government's offer and to talk with his attorney.

1

The court continued the plea offer accept/reject hearing to April 2, 2008. On April 2, 2008, Jones appeared before the court (with counsel) and, at that time, waived his initial appearance on the Superseding Indictment. The United States then recited its plea offer to Jones, and Jones, in open court, rejected the government's plea offer. During the April 2, 2008, hearing the United States filed a 21 U.S.C. § 851 Information, alleging that Jones had previously been convicted of two felony drug convictions. See Crim. Dkt. 154. The Information was read and Jones stated that he understood the nature of the charge and Information. Jones also stated that he understood that if he was convicted he would be sentenced to a mandatory term of life in prison. See dkt. 27 (trans. of April 2, 2008, hearing).

On November 14, 2008, Jones was found guilty (after a jury trial) of conspiracy to distribute 50 grams or more of cocaine base and less than five hundred grams of cocaine hydrochloride. On March 13, 2009, a sentencing hearing was conducted. At that hearing, the Court determined that Jones' total offense level was 37 and that his criminal history category was VI, resulting in a sentencing guidelines imprisonment range of life.[1] The court sentenced Jones to a term of imprisonment of life, to be followed by ten years of supervised release. Jones was also assessed the mandatory assessment of $100. Judgment of conviction was formally entered on the district court's docket on March 19, 2009.

Jones appealed his conviction and sentence to the Seventh Circuit. *See United States v. Jones*, 600 F.3d 847 (7th Cir. 2010). In that appeal, Jones (and his co-appellants) "raise[d] a host of legal challenges . . . [the] majority of [which] lack[ed] merit, having been foreclosed by our precedent." *Jones*, 600 F.3d at 850. Those issues were summarized by the Seventh Circuit as (1)

---

[1] Absent the statutorily mandated sentence of life imprisonment mandated by Jones' prior felony drug convictions and the 21 U.S.C. § 851 Information, Jones' guidelines imprisonment range would have been 360 months to life. See PSI, ¶ 19-27; 39-43; 76; 77.

whether the district court erred by using "a jury form asking the jury to find that each defendant was responsible for more than a specific amount of drugs;" (2) whether "life sentences for participation in a drug conspiracy [] violate[d] the Eighth Amendment;" (3) whether a "clerical error in the warrant affidavit for the wiretaps that formed the basis for this prosecution" prejudiced the defendants; and (4) whether comments made during closing argument by the government prejudiced the defendants. *Jones*, 600 F.3d at 850-51. Jones' conviction and his sentence were affirmed by the Seventh Circuit on April 7, 2010. *Id.* Jones next sought Supreme Court review of his conviction and sentence but, on October 4, 2010, the Supreme Court denied Jones' petition for certiorari. *See Jones v. United States*, 131 S.Ct. 276 (2010).

Jones now seeks relief pursuant to 28 U.S.C. § 2255, asserting that he was denied effective assistance of counsel at all stages of his criminal prosecution including the negotiation of a plea agreement, the investigation of the criminal case, trial and sentencing. Counsel was appointed to represent Jones and the court conducted an evidentiary hearing on October 9, 2014. In reaching the conclusions of fact set forth below, this court relied on the evidence of record in this case, the testimony presented at the October 9, 2014, hearing and Attorney Ronald Freson's deposition testimony (dkt. 28).

## II. Assistance of Counsel

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner challenges his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

3

attack." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal quotation omitted).

A petitioner's right to effective assistance of counsel is violated when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)); *see also Stitts v. Wilson,* 713 F.3d 887, 891 (7th Cir. 2013) (petitioner has burden of demonstrating both deficient performance and prejudice).

Jones alleges multiple instances of ineffective assistance of counsel, each of which is discussed below.

### A. Decision to Reject Plea Agreement

"To succeed on a claim that counsel's ineffective assistance led him to reject the Government's plea offers, [the petitioner] must show not only that [his attorney] acted in error, but also that—had [his attorney] provided competent advice—there is a reasonable probability that the plea offer would have been presented to the court, that the court would have accepted it, and that the conviction or sentence or both would have been less severe than the judgment imposed." *Foster v. United States*, 735 F.3d 561, 566 (7th Cir. 2013) (citing *Lafler v. Cooper*, 132 S.Ct. 1376, 1384–85 (2012)).

Jones argues that but for his counsel's ineffective assistance, he would have pled guilty and accepted the Government's plea offer. Jones testified that had his counsel advised him that he would not get the special jury verdict form he desired or had he been advised that he would be

4

held accountable for his co-conspirators drug transactions he would have pled guilty. On October 9, 2014, an evidentiary hearing was conducted to resolve this claim.[2]

1. **Special Jury Verdict Form**

Jones' first specification of ineffective assistance of counsel was that his trial counsel failed to request a ruling regarding the use of a special verdict form at a stage in the proceeding that would have allowed Jones to consider this court's ruling on that matter as part of his consideration of the government's plea offer.[3] Jones explains that he and his counsel Ronald J. Freson ("Attorney Freson") had several conversations regarding defense strategy, which was that Jones' voice was misidentified on the wiretaps and that even if it was Jones' voice on the telephone recordings, Jones was only involved with powder and not crack cocaine.

According to Jones, this defense required his counsel to obtain a special jury verdict form which would request that the jury determine whether petitioner's offense conduct involved powder cocaine or crack cocaine. Jones states that he advised his counsel that if he could not get a special jury verdict form for the jury to determine whether his offense conduct involved crack or powder cocaine, he would accept the government's plea bargain, instead of risking the chance of receiving a mandatory life sentence under a conviction for conspiracy to distribute crack cocaine as charged in the indictment.

---

[2] The Entry of December 17, 2013, stated that the court has not identified any other claim which requires an evidentiary hearing to resolve, but invited Jones' newly appointed counsel to bring to the court's attention any additional issues presented in Jones' motion for relief which require a hearing. No additional issues were raised by counsel.

[3] The court notes that the verdict form used in this case was affirmed on appeal. *Jones*, 600 F.3d at 852 (citing *United States v. Seymour,* 519 F.3d 700, 710 (7th Cir. 2008) (holding that jury was not required to make a defendant-specific drug quantity determination in prosecution for conspiracy); *United States v. Tolliver,* 454 F.3d 660, 669 (7th Cir. 2006)).

Upon consideration of the evidence of record and the testimony elicited at the evidentiary hearing, this court finds that Jones' testimony that his decision whether to plead guilty was based upon any particular jury instruction or verdict form is not credible. Instead, this court accepts the testimony of Attorney Freson. Attorney Freson testified at his deposition that he encouraged Jones to accept the plea offer because after reviewing the evidence it was clear to him that Jones would be convicted. But, Jones did not want to give up his rights and he didn't want to accept any plea agreement. Jones' testimony to the contrary is rejected. Attorney Freson testified that he was not aware that Mr. Jones was waiting on a ruling on the verdict form and that Jones refused to plead guilty, not because of the verdict form but because he didn't want to serve any jail time. Quite simply, this court finds that Jones would not accept any plea and was unwilling to acknowledge his guilt, a requisite to pleading guilty.

Under these circumstances, Jones is not entitled to any relief on this basis.

**2. Accountability for Cocaine Distributed by Co-Conspirators**

Jones' second specification of ineffective assistance of counsel is that his counsel failed to advise him that he could be held accountable for cocaine distributed by his coconspirators, specifically Jeremy Simmons. Jones testified in his affidavit that if his counsel had advised him that he would be held accountable for the four controlled buys that Anthony Brodie made from Jeremy Simmons he would have accepted the government's plea bargain. It is on this basis that Jones argues that his sentence should be vacated and that he should be resentenced consistent with the original plea agreement.

Jones is not entitled to relief on this basis. His testimony in this regard is not credible. Instead, the court accepts Attorney Freson's testimony that he explained co-conspirator liability to Jones. See dkt. 28 at p. 25. In addition, Jones understood that he was facing a life sentence upon

conviction. Jones had two prior felony drug offense convictions, a fact alleged in the 21 U.S.C. § 851 Information. Jones' prior felony drug convictions and the filing of the 21 U.S.C. § 851 Information dictated that a sentence of life be imposed by the Court. This court finds that Jones was properly informed of the penalty he faced and still choose to reject the plea agreement.

### B. Jury Instructions

#### 1. Lesser Included Offense Instruction

Next, Jones argues that his trial counsel was ineffective because he failed to offer a jury instruction that would have allowed the jury to find Jones guilty of a lesser included offense. Jones argues that in the context of 21 U.S.C. § 841, distribution of "cocaine" is a lesser included offense of distribution of "cocaine base." In the context of this case, this argument is frivolous. The jury specifically found that Jones participated in a conspiracy that involved at least 50 grams of cocaine base and less than 500 grams of cocaine hydrochloride. This verdict was consistent with the evidence and affirmed on appeal. Jones' suggestion that there was insufficient evidence to find him guilty of joining a conspiracy to distribute crack cocaine is summarily rejected. Under these circumstances, Attorney Freson was not ineffective for failing to request an unidentified lessor included offense instruction.

#### 2. Buyer Seller Instruction

Jones argues for the first time in his "first amended motion to vacate sentence" [dkt. 6] that he is entitled to a new trial because his counsel failed to request a buyer-seller instruction. This claim is frivolous because the jury was given a buyer-seller instruction. See final instruction no. 12A, Crim. Dkt. 332. Accordingly, Jones' counsel was not deficient in this regard and no relief is warranted on this basis.

### C. Investigation

Jones asserts that his trial counsel was ineffective in his pretrial investigation of the facts and of the law relevant to the case against him. Jones argues that Attorney Freson should have hired a private investigator to rebut the testimony of Agent Douglas Freyberger.

Agent Freyberger testified that on May 28, 2007, at approximately 11:36 p.m. he was conducting surveillance in the area of 637 Jackson. See Trial Trans., dkt. 469 at pp 199-203; dkt. 470 at pp 200-201 and 222-223. This surveillance was the result of a wiretap conversation which occurred earlier the same day at 11:02 p.m. During that call Jones and Jeremy Simmons established a time to meet and discussed a price for a quantity of cocaine. Given this information Freyberger positioned himself near the meeting location so that he was able to observe Mr. Jones exit the white and blue pickup truck, walk north on Linwood, then turn west on Jackson. This observation was consistent with the timing of the recorded call in which Jones stated "Just pulling up. I'm in my pickup truck."

Jones argues that his counsel was ineffective because a private investigator could have testified it took more than five minutes to get from the "wire room" to the meeting location. Dkt. 470 at p. 212. Of course, whether it took 5 minutes or 10 minutes is not a particularly relevant detail given the fact that the Agent Freyberger had more than a half an hour to get into position. In addition, in his reply brief Jones presents testimony from a private investigator who states that it is his belief that Agent Freyberger could not have identified of Jones under the circumstances. But the record reflects that Mr. Freson conducted an adequate recross examination of Agent Freyberger which called into question the agent's ability to make an adequate identification. See dkt. 470 at p 208-218. Finally, the private investigator's observations are not based on specific measurements

as the investigator parked "in the same area." Finally, Jones does not dispute that Agent Freyberger correctly identified him on May 28, 2007.

There is no dispute that a defense attorney has a responsibility to investigate the circumstances of the case against his client. *See Bruce v. United States*, 256 F.3d 592, 597-98 (7th Cir. 2001). In this case, however, Jones has failed to demonstrate that the investigation conducted by his trial counsel was inadequate. The testimony Jones wishes had been presented at trial would not have changed the outcome. Absent such a showing, Jones cannot prevail. Jones is not entitled to a new trial on this basis.

### D. Sentencing

Jones asserts that his trial counsel was ineffective with respect to Jones' sentencing. Jones' complaint in this regard appears focused on the amount of drugs attributed to Jones by the Court. But there was no error with respect to the amount of drugs attributed to Jones and Jones' counsel was not deficient by failing to object on this basis. Even if some deficiency existed, there could be no prejudice. Jones was sentenced to life imprisonment because, under the circumstances of his case, life imprisonment was the only sentence that could be imposed. Jones' drug conspiracy conviction, coupled with his two prior felony drug convictions and the 21 U.S.C. § 851 Information that was timely filed by the government, mandated the imposition of a sentence of life. Jones has not explained how any sentence but life could have been lawfully imposed. Jones received a life sentence because that is the sentence mandated under the law, and not as the result of any deficiency in his attorney's representation. Jones is not entitled to any relief on this basis.

### E. Alleyne

At the October 9, 2014, evidentiary hearing the defendant was granted leave to supplement his § 2255 motion to explain how his claims implicate the Supreme Court's ruling in *Alleyne v.*

*U.S.*, 131 S.Ct. 2151 (2013). The defendant explains that *Alleyne* lends support to Attorney Freson's theory of defense and that following *Alleyne,* if the request for a specific drug finding for each defendant was made either at trial or on direct appeal Jones would be entitled to such. Unfortunately, for Jones, however, *Alleyne* came too late to provide him any relief. The Seventh Circuit continues to reject any retroactive application of *Alleyne*. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *United States v. Miller*, 542 Fed. Appx. 526, 528 (7th Cir. 2013) (unpublished); *Lowe v. Lariva*, No. 14-2662 (7th Cir. September 30, 2014) (Slip Opinion) (affirming district court's holding that *Alleyne* does not apply retroactively on collateral review). Jones is not entitled to any relief on this basis.

### III. Conclusion

Based on the foregoing, Jones is not entitled to relief pursuant to 28 U.S.C. § 2255. Accordingly, his motion for relief pursuant to § 2255 is **denied**, and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue.

This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 3:07-cr-24-RLY-WGH-3.

### IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Jones has failed to show that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 1/29/2015

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel